**Order entered October 5, 2018**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-01237-CR

**RYAN DEWAYNE NORRIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1400222-N**

## ORDER

Appellant was convicted of tampering with physical evidence in May of 2014 and placed on community supervision. The State later moved to revoke appellant's community supervision. In October 2017, the trial court granted the State's motion, but used the wrong form in rendering judgment. The judgment is on the form titled, "Judgment Adjudicating Guilt," instead of on the appropriate form titled, "Judgment Revoking Community Supervision." *See* STANDARDIZED FELONY JUDGMENT FORMS, http://www.txcourts.gov/rules-forms/forms/ (last visited October 2, 2018).

On August 29, 2018, we ordered the trial court to enter a corrected judgment revoking community supervision and abated the appeal to allow the trial court to comply. On September

28, 2018, we received a supplemental clerk's record containing a judgment nunc pro tunc. In that document, the trial court ordered, "SAID JUDGMENT IN THE ABOVE NUMBERED CAUSE IS HEREBY AMENDED TO READ THAT JUDGMENT REVOKING COMMUNITY SUPERVISION [sic]." This change does not correct what is wrong with the substance of the October 2017 judgment, including the following:

- The judgment includes the inapplicable term "Plea to Motion to Adjudicate," rather than the term "Plea to Motion to Revoke."

- It fails to include the "Original Punishment Assessed."

- The judgment incorrectly states that the trial court previously made no finding of guilt and rendered no judgment.

- The judgment does not reflect that appellant was previously convicted of the offense and that his community supervision was revoked.

Accordingly, this Court **ORDERS** the trial court to enter a corrected judgment using a form appropriate for a judgment revoking community supervision. We **ORDER** the trial court to transmit a supplemental clerk's record containing the corrected judgment to this Court no later than **October 19, 2018**. **Time is of the essence.** This appeal was submitted on October 3, 2018, and cannot proceed with an incorrect judgment. *See* TEX. R. APP. P. 44.4(a); *see Felder v. State*, No. 03-00706-CR, 2014 WL 3560426, at *1 (Tex. App.—Austin July 18, 2014, no pet.) (per curiam) (mem. op., not designated for publication).

This appeal is **ABATED** to allow the trial court to comply with this order. The appeal

shall be reinstated **TWENTY DAYS** from the date of this order or when we receive the supplemental clerk's record, whichever is earlier.

/s/    LANA MYERS
        PRESIDING JUSTICE